1  JAMES DAL BON
   CA 157942
2  DAL BON & WANG
   12 South First Street, Suite 613
3  San Jose, CA 95113                          *ORDER E-FILED:  6/1/2007*
   Tel:  (408) 292-1040
4  Fax: (408) 292-1045

5  Attorneys for Plaintiffs

6

                    UNITED STATES DISTRICT COURT
7
                FOR DISTRICT OF NORTHERN CALIFORNIA
8
   JESUS PEREZ, LUIS RUBIO& JOSE          Case No.:  C06-07210 **HRL**
9  ARTEAGA, individuals,

10            Plaintiffs,                   STIPULATION AND ORDER FOR
                                           FILING FIRST AMENDED COMPLAINT
11       vs.

12 MERCADO MARLEN, a sole proprietorship, &
   JAVIER GARCIA, AUGUSTIN HERRERA
13 AVILA, MARIA DE JESUS HERRERA DOES
   ONE THROUGH TEN
14
              Defendants
15

16
       IT IS HEREBY STIPULATED by and between the parties hereto through their
17
   respective attorneys of record that Plaintiff may file the First Amended Complaint
18
   attached to this Stipulation as Exhibit 1 upon signature of the Order by the Honorable
19
   United States District Court Judge.
20
       IT IS FURTHER STIPULATED that the Amended Complaint merely adds Agustin
21
   Herrera Avilla and Maria de Jesus Herrera as parties to the First Amended Complaint
22
   since they jointly owned Defendant Mercado Marlen for a period of time and employed
23
   Plaintiff Jesus Perez for a period of time covered by the First Amended Complaint and
24
   may be liable for some of the monetary damages alleged in the First Amended
25

                                           1
AMENDED COMPLAINT
Perez v. Mercado Marlen, et al.

Complaint.

IT IS FURTHER STIPULATED that Defendant Javier Garcia and Defendant Mercado Marlen waives notice and service of the First Amended Complaint and shall not be required to answer the amendment, and that all denials, responses and affirmative defenses contained in the answer filed by Defendant Javier Garcia to the original Complaint shall be responsive to the First Amended Complaint.

Dated May 29 2007

James Dal Bon
Attorney for Plaintiffs

Dated May 29 2007

Sydney Flores
Attorney for Defendant Javier Garcia

PURSUANT TO STIPULATION, IT IS SO ORDERED;

Dated ~~May~~ **June** **1,** 2007

Honorable United States Magistrate Judge
~~District Court Judge~~    Howard R. Lloyd
~~Ronald M. Whyte~~

2

AMENDED COMPLAINT
Perez v. Mercado Marlen, et al.



1  JAMES DAL BON
   CA 157942
2  DAL BON & WANG
   12 South First Street. Suite 613
3  San Jose. CA 95113
   Tel: (408) 292-1040
4  Fax: (408) 292-1045

5  Attorneys for Plaintiffs

6

                    UNITED STATES DISTRICT COURT

7               FOR DISTRICT OF NORTHERN CALIFORNIA

8

9  JESUS PEREZ, LUIS RUBIO& JOSE          Case No.:  C06-07210 RMW
   ARTEAGA, individuals,

                                          FIRST AMENDED COMPLAINT FOR:
10          Plaintiffs,                    1). Violation of California Labor Code §§510
                                           &1194; 2). Violations of The Fair Labor
11      vs.                                Standards Act (Non-payment of overtime); 3).
                                           Failure to Provide Meal Periods in Violation of
12 MERCADO MARLEN, a sole proprietorship, & Labor Code §226.7; 4). Failure to Provide Rest
   JAVIER GARCIA, AUGUSTIN HERRERA         Periods in Violation of Labor Code §226.7; 5).
13 AVILA, MARIA DE JESUS HERRERA DOES      "Waiting Time" Penalties under California
   ONE THROUGH TEN                         Labor Code §203; and 6) For Restitution of
14                                         Unpaid Wages in Violation of California Unfair
            Defendants                     Trade Practices Act under Business and
15                                         Professions Code § 17203

16

17                                         JURY TRIAL DEMANDED

18      Plaintiffs, JESUS PEREZ ("PEREZ") LUIS RUBIO "RUBIO" and JOSE ARTEAGA

19 ("ARTEAGA"), allege as follows:

20                           NATURE OF CLAIM

21     1)   This is a an action of former employees against their employer, seeking damages

       arising out of their employer's failure to pay overtime as required by the Fair Labor
22
       Standards Act and the California Wage Orders and statutes. Plaintiffs seek
23
       compensatory damages for unpaid wages under California Labor Code and Wage
24
       Orders, liquidated damages under 29 U.S.C. §216(b), damages under California
25
       Labor Code §226.7 for failure to provide required meal and rest periods, waiting time

                                          1

penalties under California Labor Code § 203, and attorney's fees, costs, pre judgment

interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and

**restitution** pursuant to California Unfair Trade Practices Act under California

Business and Professions Code § 17203

## PARTIES

2)   Plaintiff PEREZ is an individual living within Santa Clara County in the State of California.

3)   Plaintiff ARTEAGA is an individual living within Santa Clara County in the State of California.

4)   Plaintiff RUBIO is an individual living within Santa Clara County in the State of California.

5)   Defendant MERCADO MARLEN is grocery and restaurant, located in San Jose, California.

6)   Defendant JAVIER GARCIA is the owner of Defendant MERADO MARLEN from approximately June 14, 2005 to the present.

7)   Defendant AGUSTIN HERRERA AVILA was a co-owner of Defendant MERCADO MARLEN prior to and up until June 14, 2005.

8)   Defendant MARIA JESUS DE HERRERA AVILA was a co-owner of Defendant MERCADO MARLEN prior to and up until June 14, 2005.

9)   The individual defendants Does 1 through 10 were officers, owners or employees of MERCADO MARLEN, having control over Plaintiff's work condition and work situation, and they are sued fictitiously because their identities are not yet known to the Plaintiff.

## SUBJECT MATTER JURISDICTION AND VENUE

10)   Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendent jurisdiction of this Court.

2

AMENDED COMPLAINT
Perez v. Mercado Marlen, et al.

11)   This Court is a proper venue. since all events giving rise to the claims of the Plaintiffs have occurred in this district. specifically in San Jose. California.

GENERAL ALLEGATIONS

12)   Plaintiff PEREZ was employed with Defendant MERCADO MARLEN. and DEFENDANTS JAVIER GARCIA AUGUSTIN HERRERA AVILA. MARIA DE JESUS HERRERA DOES ONE THROUGH TEN from March 2002 to the present.

13)   Plaintiff ARTEAGA was employed with Defendant MERCADO MARLEN. DEFENDANT JAVIER GARCIA AND DOES ONE THROUGH TEN from early January 2005 to June 2006.

14)   Plaintiff RUBIO was employed with MERCADO MARLEN, DEFENDANT JAVIER GARCIA AND DOES ONE THROUGH TEN from early December 2005 to June 2006.

15)   Throughout their employment with Defendants, Plaintiffs regularly worked over 8 hours a day and forty hours a week.

16)   Plaintiffs did not perform "exempt" job duties in their employment with Defendants. and thus were not subject to any exemptions from overtime pursuant to the Fair Labor Standards Act. Plaintiffs were not even marginally responsible for management or administrative functions. and their primary job duties did not require them to spend more than fifty percent of their working time to exercise independent discretion and judgment, invention or imagination in a recognized field of artistic endeavor.

17)   At no time during their employment with Defendants did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did they exclusively manage any division of the business of Defendants where they customarily and regularly exercised discretionary powers or perform services of management.

3

18)    Furthermore. Plaintiffs were not exempt also because they were not paid on the salary basis and were paid according to the quantity they worked.

19)    Within 72 hours of termination of Plaintiffs ARTEAGA and RUBIO Defendants MERCADO MARLEN. JAVIER GARCIA AND DOES ONE THROUGH TEN willfully failed to pay them overtime owed. the amount of which was readily ascertainable at the time of termination.

COUNT ONE

Violation of California Labor Code, Non Payment Of Overtime

Labor Code §§510 & 1194

20)    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-19 as if fully stated herein.

21)    At all time relevant herein. Plaintiffs' employment was subject to California Labor Code §§1194 and 510. and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code §1173, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day. unless specifically exempted by the law.

22)    During their employment with the Defendants. Plaintiffs worked in excess of forty hours per week and in excess of eight hours per day. Plaintiffs received only straight time from Defendants for these overtime hours.

23)    During Plaintiffs' employment with Defendants. Defendants knowingly caused, suffered and permitted Plaintiffs to regularly work in excess of forty hours per week and eight hours per day without paying them one and one half, or double of their regular rate of pay.

24)    By not paying overtime wages in compliance with the state law. Defendants violated Plaintiffs' rights under the law. specifically California Labor Code §§ 510 and 1194.

25)    As a direct and proximate result of Defendants' failure to pay proper wages under the California Wage Orders. Plaintiff PEREZ general damages in the form of lost

4

1   overtime compensation in amounts in excess of approximately $64,996.00.

2   26)   As a direct and proximate result of Defendants' failure to pay proper wages under

3   the California Wage Orders, Plaintiff RUBIO general damages in the form of lost

4   overtime compensation in amounts in excess of approximately $  6,318.00 .

5   27)   As a direct and proximate result of Defendants' failure to pay proper wages under

6   the California Wage Orders, Plaintiff ARTEAGA general damages in the form of lost

7   overtime compensation in amounts in excess of approximately $4,717.50 .

8   28)   Defendants had been aware of the existence and requirements of the California Labor

9   Code §§510 and 1194 and the Wage Orders, and willfully, knowingly and

10   intentionally failed to pay Plaintiffs the overtime compensation due to them at the

    time their employment ended.

11   29)   Plaintiffs are required to retain attorneys for the purpose of bringing this action and

12   are entitled to an award of attorney's fees pursuant to California Labor Code§1194(a)

13   and pre-judgment interest of 10% per annum pursuant to California Labor Code §

14   218.6.

15

16   WHEREFORE, Plaintiffs pray for judgment as set forth below.

17                           COUNT TWO

18                 Violation of the Fair Labor Standards Act,

19                      29 U.S.C. §§201, et seq.

20   30)   Plaintiffs re-allege and incorporate the allegations of paragraphs 1-29 as if fully

21   stated herein.

22   31)   At all relevant times herein, Plaintiffs were subject to the provisions of the Fair

23   Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C.§§ 201, et seq.

24   32)   29 U.S.C. § 207 requires all employees to be paid overtime for work performed in

25   excess of forty hours per week, unless specifically exempted by the law.

    33)   Although Plaintiffs were not so exempt during their employment with Defendants,

                                    5

AMENDED COMPLAINT
Perez v. Mercado Marlen, et al.

and Defendants had been fully aware of both the hours worked and the duties assigned to the Plaintiffs. Defendants knowingly caused, suffered, and permitted Plaintiffs to regularly work in excess of forty hours per week without paying them one and one half of their regular rate of pay.

34)    By not paying overtime wages in compliance with FLSA. Defendants violated the right of Plaintiffs under FLSA.

35)    As a direct and proximate result of Defendants' failure to pay proper wages under FLSA. Plaintiff PEREZ general damages in the form of lost overtime compensation in amounts in excess of approximately $64,996.00.

36)    As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiff RUBIO general damages in the form of lost overtime compensation in amounts in excess of approximately $   6,318.00 .

37)    As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiff ARTEAGA general damages in the form of lost overtime compensation in amounts in excess of approximately $4,717.50 .

38)    Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs their proper pay, and thus Defendants are liable to Plaintiffs for liquidated damages in an amount equal to their respective lost overtime wages pursuant to 29 U.S.C. § 216(b).

39)    Plaintiffs are required to retain attorneys for bringing this action and are entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs pray for judgment as set forth below.

COUNT THREE

Failure to Provide Meal Periods

California Labor Code § 226.7

6

40)   Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-39 as if fully restated herein.

41)   **At relevant times herein. Plaintiffs' employment with Defendants was subject to the provisions under California Labor Code § 226.7. which requires employer to provide employees an half-hour meal period for every five hours worked. unless expressly exempted.**

42)   During all relevant periods herein. Plaintiffs worked at least more than ten hours a day. and were not provided either or both half-hour meal periods as required by law.

43)   For each time that Plaintiffs were not provided the required meal period. they are entitled to recover one additional hour of pay at each Plaintiff's regular rate of compensation pursuant to California Labor Code section 226.7.

44)   As a direct and proximate result of Defendants' failure to provide meal periods, Plaintiff PEREZ general damages in the form of lost pay in amounts in excess of approximately $13,902

45)   As a direct and proximate result of Defendants' failure to provide meal periods, Plaintiff RUBIO general damages in the form of lost pay in amounts in excess of approximately $    1548

46)   As a direct and proximate result of Defendants' failure to provide meal periods Plaintiff ARTEAGA general damages in the form of lost pay in amounts in excess of approximately $3774

47)   Plaintiffs PEREZ and ARTEAGA are also entitled to 10% per annum on the aforesaid additional payment as the prejudgment interest pursuant to California Labor Code § 218.6.

WHEREFORE. Plaintiffs pray for judgment as set forth below.

COUNT FOUR

Failure to Provide Rest Periods

California Labor Code § 226.7

7

AMENDED COMPLAINT
Perez v. Mercado Marlen, et al.

48)   Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-47 as if fully restated herein.

49)   At relevant times herein. Plaintiffs' employment with Defendants was subject to the provisions under California Labor Code § 226.7. which requires employer to provide employees ten minute rest period for every five hours worked. unless expressly exempted.

50)   During all relevant periods herein. Plaintiffs worked at least more than ten hours a day, and were not provided either or both ten minute rest periods as required by law.

51)   For each time that Plaintiffs were not provided the required ten minute rest periods. they are entitled to recover one additional hour of pay at each Plaintiff's regular rate of compensation pursuant to California Labor Code section 226.7.

52)   As a direct and proximate result of Defendants' failure to provide rest periods. Plaintiff PEREZ general damages in the form of lost pay in amounts in excess of approximately $13,902

53)   As a direct and proximate result of Defendants' failure to provide rest periods. Plaintiff RUBIO general damages in the form of lost pay in amounts in excess of approximately $    1548

54)   As a direct and proximate result of Defendants' failure to provide rest periods Plaintiff ARTEAGA general damages in the form of lost pay in amounts in excess of approximately $3774

55)   Plaintiffs PEREZ and ARTEAGA are also entitled to 10% per annum on the aforesaid additional payment as the prejudgment interest pursuant to California Labor Code § 218.6. WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT FIVE

### Penalty for Failure to Pay Wages at Termination

8

AMENDED COMPLAINT
Perez  v. Mercado Marlen, et al.

California Labor Code§ 203

56)   Plaintiffs re-allege and incorporate the allegations of paragraphs 1-55 as if fully stated herein.  This count is alleged by Plaintiffs ARTEAGA and RUBIO against Defendants JAVIER GARCIA and MERCADO MARLEN only.

57)   Within 72 hours of the termination of Plaintiffs. Defendants failed to pay Plaintiffs ARTEAGA and RUBIO the overtime wages owed them which was ascertainable at the time of termination.

58)   Failure to pay proper wages at an employee's termination as required by California Labor Code §201, subjects the employer to penalties provided for in California Labor Code § 203, up to 30 days of wages.

59)   As of this date these wages have not been paid to Plaintiff ARTEAGA, thus making Defendants liable to Plaintiff ARTEAGA for penalties equal to thirty (30) days wages in an amount in excess of approximately $   2,040.00

60)   As of this date these wages have not been paid to Plaintiff ARTEAGA, thus making Defendants liable to Plaintiff RUBIO for penalties equal to thirty (30) days wages in an amount in excess of approximately $   2,040.00

WHEREFORE, Plaintiffs pray for judgment as set forth below.

COUNT SIX

For Restitution of Unpaid Overtime Wages
in Violation of California's Unfair Trade Practices Act

Business and Profession Code § 17203

61)   Plaintiffs re-allege  and   incorporate the  allegations   of paragraphs 1-60 as if fully stated herein.

62)   At all times relevant herein. Plaintiffs' employment with Defendants was subject to FLSA, California Labor Code and applicable Wage Orders promulgated by the

9

California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law.

63)   At all times relevant herein, the employer of Plaintiffs, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §§17000 et seq.), but failed to pay the Plaintiffs overtime pay as required by FLSA, California Labor Code and applicable Wage Orders, with Defendants keeping to themselves the amount which should have been paid to Plaintiffs.

64)   By doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §§17200, et seq. by committing acts prohibited by applicable California Wage Orders as well as FLSA, and thus giving Defendants a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

65)   As a direct and proximate result of violations and failure to pay the required overtime pay by the Defendants, the rights of the Plaintiffs under the law were violated, causing them to incur general damages in the form of unpaid wages to which they were legally entitled.

66)   Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

67)   Having been illegally deprived of the overtime pay to which they were legally entitled, Plaintiff PEREZ herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in excess of $64,996 cumulative to all other damages and penalties sought herein.

68)   Having been illegally deprived of the overtime pay to which they were legally entitled, Plaintiff RUBIO herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in excess of $6318 cumulative to all other

10

1    damages and penalties sought herein

2    69)    Having been illegally deprived of the overtime pay to which they were legally

3    entitled. Plaintiff ARTEAGA herein seeks restitution of such wages pursuant to the

4    Business and Professions Code §17203 in excess of $4717.50 cumulative to all other

5    damages and penalties sought herein $4,717.50 .

6

7                                    PRAYER FOR RELIEF

8    WHEREFORE, the Plaintiffs pray judgment against the Defendants and demands as

     follows:

9

10    1)    Award compensatory damages for unpaid overtime in violation of California

      Labor Code §§ 510 and 1194 at or in excess of :

11    a.    PEREZ $64,996.00

12    b.    ARTEAGA  $4717.50

13    c.    RUBIO $6318

14

15    2)    Award the Plaintiffs liquidated damages in an amount equal to the overtime pay owed

16    at in excess of as follows:

17    a.    PEREZ $64,996.00

18    b.    ARTEAGA  $4717.50

19    c.    RUBIO $6318

20    3)    To award Plaintiff lost pay for meal period violations under Cal. Lab. Code § 226.7 as

21    follows:

22    a.    PEREZ $13,902

23    b.    ARTEAGA  $3774

24    c.    RUBIO $1458

      4)    To award Plaintiff lost pay for rest period violations under Cal. Lab. Code § 226.7 as

25    follows:

11

a. PEREZ $13.902

b. ARTEAGA $3774

c. RUBIO $1458

5)    Award Plaintiffs RUBIO AND ARTEAGA the waiting time penalty damages of thirty days wages pursuant to California Labor Code § 203 in excess of $2040 and $2,040, respectively;

6)    Award Plaintiffs PEREZ, RUBIO and ARTEAGA the 10% annual pre-judgment interest on the respective unpaid overtime compensation owed them pursuant to California Labor Code §§ 1194(a) & 218.6;

7)    Award Plaintiffs PEREZ and ARTEAGA the restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in excess of the following amounts:

a. PEREZ $64,996.00

b. ARTEAGA $4717.50

c. RUBIO $6318

8)    Award Plaintiffs the reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of FLSA;

9)    Award Plaintiffs the costs of suit herein.

\\\\

\\\\

12

AMENDED COMPLAINT
Perez v. Mercado Marlen, et al.

1    10)    Grant such other and further relief as the Court may deem appropriate.

2

3

4   Dated:  May 22, 2007

5

6                                              Dal Bon & Wang

7                             By:  __/s/ JAMES DAL BON_____  .
                                          James Dal Bon
8                                                  Attorney for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                              13

1
JAMES DAL BON
CA 157942
2
DAL BON & WANG
12 South First Street, Suite 613
3
San Jose, CA 95113
Tel: (408) 292-1040
4
Fax: (408) 292-1045

5
Attorneys for Plaintiffs

6

UNITED STATES DISTRICT COURT
7

FOR DISTRICT OF NORTHERN CALIFORNIA
8

| JESUS PEREZ, LUIS RUBIO& JOSE ARTEAGA, individuals, | Case No.: C06-07210 RMW |
|---|---|
| Plaintiffs, | FIRST AMENDED COMPLAINT |
| vs. | JURY TRIAL DEMANDED |
| MERCADO MARLEN, a sole proprietorship, & JAVIER GARCIA, AUGUSTIN HERRERA AVILA, MARIA DE JESUS HERRERA DOES ONE THROUGH TEN | |
| Defendants | |

9
10
11
12
13
14
15

16
Plaintiffs demand a jury trial

17
May 22, 2007
18

19
_____s/jdb_____
20
James Dal Bon
Attorney for Plaintiffs

21

22

23

24

25

14